UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
ADAEL CABRERA, GUSTAVO GOMEZ, LUIS :
GOMEZ, MIGUEL PALACIOS, and ERIC :
CABRERA ROMERO, *individually and on behalf* :
*of others similarly situated*, :
: MEMORANDUM DECISION
: AND ORDER
                     Plaintiffs, :
: 15 Civ. 1325 (GBD) (SDA)
      -against- :
:
NEW YORK FRESH MEAT INC. and :
MIN J. LEE, :
:
                     Defendants. :
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

    On February 24, 2015, Plaintiffs Adael Cabrera, Gustavo Gomez ("Gustavo"), Luis Gomez ("Luis"), Miguel Palacios, and Eric Cabrera Romero commenced this action against Defendants New York Fresh Meat Inc. and Min J. Lee for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL") and regulations. (*See* Compl., ECF No. 1.) By Order dated April 7, 2017, this Court granted Plaintiffs' motion for default judgment and referred the matter to Magistrate Judge Ronald L. Ellis for an inquest on damages. (Order and Judgment, ECF No. 68.) The matter was thereafter reassigned to Magistrate Judge Stewart D. Aaron. (*See* Dkt., Notice of Redesignation dated Dec. 4, 2017.) Pursuant to an Order by Judge Aaron, Plaintiffs submitted proposed findings of fact and conclusions of law regarding damages. (Proposed Findings of Fact and Conclusions of Law ("Proposed Findings"), ECF No. 81.) Defendants did not file a response to Plaintiffs' submission.

    Before this Court is Magistrate Judge Aaron's March 29, 2018 Report and Recommendation ("Report," ECF No. 83), recommending an award of damages, pre-judgment interest, and attorneys' fees and costs. (*Id.* at 22.) Magistrate Judge Aaron advised the parties that

failure to file timely objections would constitute a waiver of those objections on appeal. (*Id.* at 23.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II. THE REPORT CORRECTLY CALCULATES PLAINTIFFS' DAMAGES

Defendants were joint employers of Plaintiffs. (Am. Compl., ECF No. 19, ¶ 31.) The Report correctly found that, because Defendants are joint employers, Defendants are jointly and severally liable for Plaintiffs' damages. (Report at 21); *see also Gonzalez v. Masters Health Food Serv., Inc.*, No. 14 Civ. 7603 (VEC), 2017 WL 3835960, at *15 (S.D.N.Y. July 27, 2017) (noting that when defendants are "jointly [p]laintiffs' employers, each defendant is jointly and severally liable under the FLSA and NYLL for any damages award made in [p]laintiffs' favor") (citation omitted). As the Report correctly notes, though Plaintiffs have asserted minimum wage and overtime claims under both the FLSA and NYLL, Plaintiffs cannot recover under both statutes for the same injury. (Report at 11.) The Report correctly found that Plaintiffs are entitled to recover under the NYLL, because the NYLL's longer statute of limitations provides Plaintiffs the greatest

relief. (*Id.*); *see also Schalaudek v. Chateau 20th St. LLC*, No. 16 Civ. 11 (WHP) (JLC), 2017 WL 729544, at \*5 (S.D.N.Y. Feb. 24, 2017) ("Although 'plaintiffs may not recover under both the FLSA and the NYLL for the same injury,' courts allow plaintiffs to recover under the statute that provides for the greatest relief.") (quoting *Ni v. Bat-Yam Food Servs. Inc.*, No. 13 Civ. 7274 (ALC) (JCF), 2016 WL 369681, at \*1 (S.D.N.Y. Jan. 27, 2016)).

Defendants failed to maintain accurate and complete timesheets and payroll records. (Am. Compl. ¶ 111.) The Report correctly found that Plaintiffs satisfied their burden of providing evidence of their wages and hours worked by providing a sworn declaration from each Plaintiff and a chart summarizing the information in the declarations. (Report at 10, 13); *see also Hernandez v. Jrpac Inc.*, No. 14 Civ. 4176 (PAE), 2016 WL 3248493, at \*27 (S.D.N.Y. June 9, 2016) (noting that an employee's "burden [to produce evidence of his wages and hours worked] is 'not high'" and may be met 'through estimates based on [the employee's] own recollection'") (quoting *Keubel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011)). Defendants did not provide any rebuttal to Plaintiffs' evidence. The Report correctly found that the calculations in the chart were accurate, and awarded each Plaintiff unpaid wages, overtime, and spread of hours compensation. (Report at 13–14.)

The Report further correctly found that the Plaintiffs are entitled to pre-judgment interest calculated at a rate of nine percent per annum, accruing from the midpoint of each Plaintiff's employment. (Report at 17–18); *see also Martinez v. Danny's Athens Diner Inc.*, No. 16 Civ. 7468 (RJS), 2017 WL 6335908, at \*5–6 (S.D.N.Y. Dec. 5, 2017) (noting that when a plaintiff's "'damages were incurred at various times,' the interest is calculated "from a single reasonable intermediate date," and "[c]ourts ... often choose the midpoint of the plaintiff's employment within the limitations period"") (citation and internal quotation marks omitted). The Report also

3

correctly found that, under the NYLL, Plaintiffs are entitled to liquidated damages equal to the total amount of their unpaid wages, overtime, and spread of hours compensation. (Report at 14.)

Defendants did not provide Plaintiffs with wage notices required under New York's Wage Theft Prevention Act ("WPTA"), either at the time of their hiring or in subsequent years. (Am. Compl. ¶ 120.) The Report correctly found that, because Plaintiffs Palacios and Romero each worked more than fifty weeks, and their employment with Defendants concluded prior to February 27, 2015, they are each entitled to $2,500 in damages for Defendants' failure to provide wage notices required by the WTPA.[1] (Report at 15–16.) The Report further correctly found that, because Plaintiffs Cabrera, Gustavo, and Luis also each worked more than fifty weeks, and the last day of their employment by Defendants was on February 27, 2015, they are each entitled to $2,550 in damages. (*Id.* at 16.)

Defendants also failed to provide Plaintiffs with wage statements required under the WTPA. (Am. Compl. ¶ 119.) The Report correctly found that, because Plaintiffs Palacios and Romero each worked more than twenty-five weeks, and their employment with Defendants concluded prior to February 27, 2015, they are each entitled to $2,500 in damages for Defendants' failure to provide wage statements required by the WTPA. (Report at 15.) The Report further correctly found that, because Plaintiffs Cabrera, Gustavo, and Luis also each worked more than twenty-five weeks, and were employed on February 27, 2015, they are each entitled to $2,750 in damages. (*Id.* at 16.)

---

[1] "Prior to February 27, 2015, 'the WPTA entitled employees to recover statutory damages for wage notice violations of $50 per work week, not to exceed $2,500,'" and "statutory damages for violations of the wage statement requirement of $100 per work week, not to exceed $2,500." *Cabrera v. 1560 Chirp Corp.*, No. , 2017 WL 1289349, at *6–7 (S.D.N.Y. Mar. 6, 2017) (citations omitted). By an amendment effective February 27, 2015, the damages recoverable for wage notice violations increased to "$50 . . . 'for each work *day* that the violations occurred or continue to occur,' not to exceed $5,000," and the damages recoverable for wage statement violations increased to "$250 for each work *day* that the violations occurred or continued to occur, not to exceed $5,000." *Id.* (quoting 2014 N.Y. Sess. Laws ch. 537 § 2).

4

| Plaintiff | Unpaid Wages, Overtime, and Spread of Hours | Liquidated Damages | WTPA Damages | Total |
|---|---|---|---|---|
| Cabrera | $39,914 | $39,914 | $5,300 | $85,128 |
| Gustavo | $55,813 | $55,813 | $5,300 | $116,926 |
| Luis | $66,209 | $66,209 | $5,300 | $137,718 |
| Palacios | $36,361 | $36,361 | $5,000 | $77,722 |
| Romero | $47,470 | $47,470 | $5,000 | $99,940 |

(*Id.* at 18, 22.) As noted above, the Report also correctly found each Plaintiff is entitled to pre-judgment interest at a rate of nine percent per annum, calculated from the midpoint of his employment with Defendants to the date of the entry of judgment. (*Id.* at 18.) The Report correctly calculated the midpoints of the employment of each Plaintiff as follows:

| Plaintiff | Pre-judgment Interest Date |
|---|---|
| Cabrera | 6/8/2014 |
| Gustavo | 8/30/2014 |
| Luis | 5/7/2013 |
| Palacios | 2/12/2014 |
| Romero | 2/14/2014 |

(*Id.* at 18.)

### III. THE REPORT CORRECTLY CALCULATES ATTORNEYS' FEES AND COSTS

As the Report notes, Plaintiffs are represented by the law firm Michael Faillace & Associates, P.C., and seek to recover fees for work performed by two attorneys, with the initials "MF" and "JA." (Report at 19 (citing Proposed Findings, Ex. H ("Time Records"), ECF No. 81-8).) Though the time records do not identify the attorneys by name, the Report correctly found, based on the docket sheet for the case and information on the law firm's website, that those initials refer to Michael Faillace, a partner at the firm, and Joshua Androphy, a senior litigation associate at the firm. (Report at 19 & nn. 14–15.) The Report further correctly found that the $450 hourly

5

rate sought for Faillace was reasonable, and that the $400 hourly rate sought by Androphy should be reduced to $350. (*Id.* at 19–20 (citing *Ortega v. JR Primos 2 Rest. Corp.*, No. 15 Civ. 9183 (JCF), 2017 WL 2634172, at *7 (S.D.N.Y. June 16, 2017) (awarding $450 per hour for Faillace's services, and $350 per hour for Androphy's)); *see also Andrade v. 168 First Ave. Rest. Ltd.*, No. 14 Civ. 8268 (JPO) (AJP), 2016 WL 3141567, at *11 (S.D.N.Y. June 3, 2016) ("Courts in this Circuit have found $425 per hour to be a reasonable rate for Mr. Faillace's services, and $300 per hour to be a reasonable rate for Mr. Androphy's services."), *report and recommendation adopted*, 2016 WL 3948101 (S.D.N.Y. July 18, 2016). The Report also correctly found that the hours billed by Plaintiffs' counsel for time spent on discussions between attorneys at the law firm, including attorneys other than Faillace and Androphy should be reduced, and that time billed for an "intake" meeting with "clients" should be eliminated. (Report at 20.)

The Report thus correctly determined that Plaintiffs should be awarded attorneys' fees in the amount of $11,100 (reflecting twenty hours at $450 per hour for Faillace and six hours at $350 per hour for Androphy). (*Id.*) The Report also correctly found that Plaintiffs should be awarded costs of $500. (*Id.*)

## IV. CONCLUSION

Magistrate Judge Aaron's Report, (ECF No. 83), is ADOPTED. Defendants are ordered to pay Plaintiffs' damages in the following amounts: Cabrera – $85,128; Gustavo – $116,926; Luis – $137,728; Palacios – $77,722; and Romero – $99,940. Defendants are ordered to pay pre-judgment interest to each Plaintiff at a rate of nine percent per annum, calculated for the period from the midpoint dates set forth above until final judgment is entered. Defendants are further ordered to pay Plaintiffs attorneys' fees and costs in the amount of $11,458.

Dated: New York, New York
      May 14, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge